IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DAVID LEVI YATES                                                              PLAINTIFF

VS.                                                       CIVIL ACTION NO. 2:09cv197-MTP

BEN FORD, ET AL.                                               DEFENDANTS

**OPINION AND ORDER**

THIS MATTER is before the Court on the Motion for Summary Judgment [30] filed by Defendants. Having reviewed the submissions of the parties and the applicable law, the Court finds that the Defendants' Motion for Summary Judgment [30] should be granted.

FACTUAL BACKGROUND

Plaintiff David Levi Yates, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on September 18, 2009. Through his complaint, and as clarified during his *Spears*[1] hearing, Plaintiff alleges claims against Defendants Ben Ford (in his official capacity only), Jim Kinslow (in his individual and official capacities), and Angie Diehl (in her individual and official capacities) for the denial and/or delay of adequate medical treatment in violation of the Fourteenth Amendment.[2] Specifically, he claims he was denied an

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing took place on January 29, 2010. *See* Transcript, Ex. C to Motion [30-1], hereinafter cited as "Tr. at --."

[2] "The constitutional rights of a pretrial detainee . . . flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996); *see also Brown v. Attala County Sheriff's Dep't*, No. 1:08CV96-A-A, 2009 WL 1750333, at *3 (N.D. Miss. Jun. 19, 2009) (citing *Hare*, 74 F.3d at 648) (holding that the subjective deliberate indifference standard applies to both pre-trial detainees under the Fourteenth Amendment and convicted inmates under the Eighth Amendment).

adequate diet for his low blood sugar condition. *See* Scheduling and Case Management Order [19]. The allegations in Plaintiff's complaint occurred while he was a pre-trial detainee at the Covington County Jail (the "Jail"). Plaintiff is no longer housed at the Jail. *See* Change of Address [33].

Defendants filed their Motion for Summary Judgment [30] on June 1, 2010. Plaintiff failed to respond to the Motion, despite two Orders [32][35] from the Court directing him to do so.

## STANDARD FOR SUMMARY JUDGMENT

This Court may grant summary judgment only if, viewing the facts in a light most favorable to the Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this Court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A.*, *Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of

proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

ANALYSIS

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

**Denial of Adequate Medical Care**

Plaintiff alleges a claim against the Defendants for the denial and/or delay of adequate medical treatment in violation of the Fourteenth Amendment. Specifically, he claims he was denied an adequate diet for his low blood sugar condition.

During his *Spears* hearing, Plaintiff testified that he has "sugar problems, hypoglycemic, low blood sugar" and that "diabetes runs in his family." Tr. at 6. When asked if he was

receiving any particular treatment or was under the care of a doctor for low blood sugar when he arrived at the Jail in February 2009, Plaintiff replied that his "only treatment is proper diet." Tr. at 6-7. Plaintiff testified that when he was first "diagnosed" with hypoglycemia, he was told to eat four to five small meals a day to keep his blood sugar normal. He claimed it was easy to manage in the free world, but once he arrived at the Jail he only got two meals a day. Tr. at 7.

Plaintiff testified that he submitted a medical request regarding his "sugar problems" and saw a doctor at Family Medical Associates. He testified that the doctor "wrote on a prescription pad that [he] needed snacks and hard candy throughout the day." Tr. at 7. However, he claims that the Defendants would not allow him any snacks. He stated that since he filed this lawsuit, they allowed his family to bring him hard candy, and he can request it from the dispatch office when he needs it. Plaintiff testified that beginning January 2010, the Jail started feeding him three times a day, but still did not provide him with "snacks." Tr. at 7-8.

As a result of the denial of a proper diet, Plaintiff testified that he got sick a lot. Specifically, he testified that when his blood sugar drops, he gets dizzy, nauseated, has headaches, and has the "shakes," and has to lay down. He stated that when his sugar drops, it can be dangerous. He further testified, "If I don't get something in me and it goes too low, I could go into some kind of coma or something." However, Plaintiff stated that he had never actually gone into a coma. Plaintiff testified that he had been to the doctor at least eight times while at the Jail. Tr. at 9.

Plaintiff testified that he sued Ben Ford, Covington County Sheriff, because he had the authority to modify his diet. He never had any personal contact with Sheriff Ford, but claims he wrote him letters. Tr. at 10.

4

Plaintiff testified that he sued Jim Kinslow, Chief Deputy of the Covington County Sheriff's Department, because he was the "chief" of the Jail and had the authority to determine who got to see the doctor. Mr. Kinslow also allegedly told Plaintiff's family he couldn't have any snacks and was unaware of a doctor's note prescribing same. Tr. at 10-11.

Plaintiff testified that he sued Angie Diehl, "the Jailor," because she was usually at the dispatch office and received his requests for candy or snacks, and she apparently did not act on his requests. Tr. at 11-12.

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 F. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The subjective deliberate indifference standard applies to both pre-trial detainees under the Fourteenth Amendment and convicted inmates under the Eighth Amendment. *Brown v. Attala County Sheriff's Dep't*, No. 1:08CV96-A-A, 2009 WL 1750333, at *3 (N.D. Miss. Jun. 19, 2009) (citing *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir.1996)).

A prison official may not be held liable under this standard pursuant to Section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he

5

must also draw the inference." *Farmer*, 511 U.S. at 838. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 F. App'x at 965 (quoting *Domino*, 239 F.3d at 756). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). The Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

Even assuming Plaintiff's alleged "sugar problem" is a serious medical need, which is dubious in light of the evidence submitted by Defendants,[3] Plaintiff has failed to establish a genuine issue of material fact as to whether Defendants were deliberately indifferent to his

---

[3]As Defendants point out, Plaintiff was examined and treated by medical providers on at least nine occasions during his incarceration at the Jail, and no medical provider diagnosed him with hypoglycemia. *See* Exs. E-G to Motion [30]. To the contrary, when Plaintiff's blood sugar was taken due to his complaints of hypoglycemia, it was within normal limits. *See e.g.*, Ex. F at MEDS-FMA-000011; Ex. E at MEDS-CCH-000004. The Americans with Diabetes Association classifies blood glucose values from 70-130 mg/dl as the normal range. *See* http://www.diabetes.org/living-with-diabetes/treatment-and-care/blood-glucose-control/checking-your-blood-glucose.html (last visited 8/11/10).

situation. There is no evidence of a diagnosis of hypoglycemia from any physician that treated Plaintiff during his incarceration at the Jail. More importantly, there is no evidence of any prescription for "snacks" or a modified diet of any type.[4]

The unrefuted testimony of Mr. Kinslow and Ms. Diehl reflects that they were never informed by a medical provider that Plaintiff suffered from hypoglycemia/low blood sugar or that he was prescribed a special diet. *See* Affidavit of Kinslow, Ex. J to Motion [30-1]; Affidavit of Diehl, Ex. K to Motion [30-1]. Ms. Diehl's affidavit does state that Plaintiff's family brought hard candy to the dispatch office, and it was given to Plaintiff upon request. *See* Ex. K to Motion [30-1].

Based on the evidence before the Court, even assuming that Plaintiff told Mr. Kinslow and Ms. Diehl that he had blood sugar problems, and they denied his request for snacks, he has failed to demonstrate that they knew of and disregarded an excessive risk to his health or safety. *See Farmer*, 511 U.S. at 838. Thus, he has failed to meet the extremely high standard of demonstrating deliberate indifference in violation of the Fourteenth Amendment.[5] *See Gobert*, 463 F.3d at 346.

---

[4]For example, Plaintiff presented to Dr. Andrea Bruce on August 18, 2009, complaining of a rash on his back and stomach. Plaintiff also complained that he was only being fed two meals a day at the Jail, and as a result became dizzy. Dr. Bruce's assessment was eczema, depression and anxiety. She prescribed Elocon ointment for his rash. There was no prescription or mention of a need for snacks or a special diet. *See* Ex. F to Motion [30-1] at MEDS-FMA-000011.

[5]Because the Court finds that there has been no constitutional violation by Defendants Kinslow and Diehl, the Court does not reach Defendants' qualified immunity argument. *See Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee,* 195 F.3d 234, 236 (5th Cir. 1999) (stating that if the court finds that the plaintiff's claims are not cognizable as constitutional claims, it need not reach the question whether the defendant is entitled to qualified immunity).

Plaintiff has also failed to raise a genuine issue of material fact as to his deliberate indifference claims against Sheriff Ford in his official capacity. As set forth above, Plaintiff has failed to establish a constitutional violation. Even assuming he had, he has failed to show that a policy, custom or practice of Covington County was the "moving force" behind the alleged constitutional violation. *Monell*, 436 U.S. at 694.

## CONCLUSION

For the reasons stated above, the court finds that Defendants' Motion for Summary Judgment [30] should be granted. Accordingly,

IT IS, THEREFORE, ORDERED:

That Defendants' Motion for Summary Judgment [30] is GRANTED and that this action is dismissed with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED this the 11th day of August, 2010.

s/ Michael T. Parker
United States Magistrate Judge